United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MIGUEL GALINDO SIFUENTES,

    Petitioner,

vs.

ANTHONY HEDGPETH, Warden,

    Respondent.
                                         /

No. C 09-2902 PJH (PR)

**ORDER DISMISSING SECOND AMENDED PETITION WITH LEAVE TO AMEND**

This is a habeas case filed pro se by a state prisoner. The original petition consisted of hundreds of pages and a jumble of claims and subclaims. Petitioner then filed an amended petition that contained only one claim. The court pointed out in the initial review order that it was unlikely petitioner intended to present only that single claim, and that the original petition was unmanageable. The petition was dismissed with leave to amend. After several extensions of time, petitioner has filed his second amended petition. It is reviewed below.

**BACKGROUND**

A jury convicted petitioner of first degree murder. He was sentenced to prison for twenty-five years to life. Petitioner unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California denied review. Petitioner has also filed several state motions and habeas petitions; all were unsuccessful.

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody

in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... and shall set forth in summary form the facts supporting each of the grounds thus specified." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

The second amended petition is nearly 100 pages long, and continues to be disorganized.

As an example, the first page of what purports to be a listing of petitioner's claims is page 6A, headed "Ground one: Felony-Murder[;] A. Vague and Overbroad Statute[;] 1. Petitioner was convicted of violating a statute that was unconstitutionally vague and overbroad." What purports to be "supporting facts" is instead legal argument, despite petitioner's having been warned to omit argument from his list of issues.[1] Following that is page 6B1, a typed page, headed "Ground 1[;] Subground Section A.[;] 3. Petitioner was

---

[1] In the order dismissing the first amended petition with leave to amend, among other things the court ordered petitioner to include for each issue "a short and clear statement of the facts." Petitioner's supporting facts for the issues discussed here are neither short nor clear, and they are mostly argument, something he was instructed to omit. Even so, the court recognizes that for an issue such as this vagueness claim, the only relevant facts are that petitioner was convicted of violating a particular statute, and the language of the statute that is claimed to be vague. For a layperson, this might seem odd, and for that reason the court will overlook the lack of facts for those claims that involve purely legal contentions. This does not, however, excuse the inclusion of argument in what should be a succinct list of claims.

2

arbitrarily denied a state created right, to not [be] convicted of an uncharged crime . . . violating petitioner's right to the due process of law . . . ." The supporting facts section on this page consists entirely of legal argument.

Following that is page 6B, which continues at the top with a bit of the argument from page 6A (not the immediately preceding page 6B1), then reads: "2. Petitioner was convicted of violating a statute that was unconstitutionally vague and overbroad, giving rise to Sub-Grounds B-E which violated petitioners [rights]." A section labeled "Supporting Facts" follows, but that section reads: "Those cited in Subgrounds A-E as demonstrative of facts that felony-murder has no clear (or any) murder-related element or any clear (or substantive) rationale for eliminating murder's malice and premeditation elements. These 2 facts give rise, in turn, to the violations listed in Subgrounds A-E." In short, this issue seems not to have any content itself, but instead incorporates "Sub-Grounds B-E." Or perhaps "A-E."

Halfway down page 6B is the heading "B. Strict Liability Crime[;] 1. Petitioner was convicted of violating a statue that required no mental element . . . violating . . . due process." Following this is a section labeled "Supporting Facts" that consists entirely of legal argument.

The amended petition is nearly 100 pages long. The above discussion covers only four of those pages. Petitioner has ignored the court's instruction to omit legal argument from the petition itself and instead place it in a separate memorandum of points and authorities. He also has ignored the spirit, if not the letter, of the court's instruction to number the pages, in that he has not numbered them consecutively, but instead uses a convoluted numbering system involving numbers and letters.

This petition is unmanageable in its present form. Petitioner should note that every ground or subground in which he says that there was a violation of his constitutional rights is a claim – that is, when he says, for instance, that such and such violated his due process rights, he is presenting a claim. Each contention he makes that he believes to be sufficient for the court to grant relief if it were to agree with him is a claim and must be separately

3

presented, not just mentioned in passing in discussion. Each claim must be consecutively numbered, without the use of sub-claims or sub-grounds or letters. In particular, he must not attempt to incorporate additional grounds by reference, as he does on page 6B.

The court recognizes that given the number of claims petitioner desire to present, he cannot list them all in the space provided in the form petition. He clearly will have to use supplemental pages. He must place such supplemental pages after page six of the form petition, must number them consecutively starting with "7," and shall simply renumber any remaining pages of the form that follow his insertion. The court will not impose an absolute limit on the number of pages that may be used to set out claims and supporting facts, but petitioner should try to limit that portion of the petition to ten pages or so.

If petitioner wants to provide argument in support of his claims, he may do so in a memorandum of points and authorities, not to exceed twenty-five pages, which must be separately numbered and carry a cover page with the caption of this case, that is, it may not be part of the petition.

## CONCLUSION

The petition is **DISMISSED** with leave to amend within thirty days from the date of this order is entered. The amendment must include the caption and civil case number used in this order and the words THIRD AMENDED PETITION on the first page. It must be on the court's form for Section 2254 cases filed by state prisoners, and conform to the requirements set out above. Failure to amend within the designated time will result in the dismissal of the case.

**IT IS SO ORDERED.**

Dated: September 15, 2010.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\HC.09\SIFUENTES2902.DWLTA-2.wpd

4