UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MIGUEL GALINDO SIFUENTES,

        Petitioner,                      No. C 09-2902 PJH (PR)

  vs.                              **ORDER TO SHOW CAUSE**

ANTHONY HEDGPETH, Warden,

        Respondent.
_____/

    This is a habeas case filed pro se by a state prisoner. The original petition consisted of hundreds of pages and a jumble of claims and subclaims. Petitioner then filed an amended petition that contained only one claim. The court pointed out in the initial review order that it was unlikely petitioner intended to present only that single claim, and that the original petition was unmanageable. The petition was dismissed with leave to amend. The second amended petition again was lengthy and unmanageable, so it also was dismissed with leave to amend. Petitioner now has filed a third amended petition in which his claims are set out more clearly, although he continues to present argument in the "supporting facts" section of each claim, after having been told not to.

**BACKGROUND**

    A jury convicted petitioner of first degree murder. He was sentenced to prison for twenty-five years to life. He unsuccessfully appealed his conviction to the California Court of Appeal and the Supreme Court of California denied review. Petitioner has also filed several state motions and habeas petitions; all were unsuccessful.

///

///

**DISCUSSION**

**A.    Standard of Review**

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott,* 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief which are available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)). "Habeas petitions which appear on their face to be legally insufficient are subject to summary dismissal." *Calderon v. United States Dist. Court (Nicolaus)*, 98 F.3d 1102, 1108 (9th Cir. 1996) (Schroeder, J., concurring).

**B.    Legal Claims**

As grounds for relief, petitioner contends that: (1) His due process rights were violated when he was convicted of violating a statute that is vague and overbroad; (2) he was convicted of a crime he was not charged with; (3) his due process rights were violated by his conviction of a crime (felony murder) that contains no "mental element;" (4) the court instructed the jury that it could convict without an intent to kill; (5) he was punished for a status; (6) the statute defining the crime of felony murder contains an unconstitutional conclusive presumption; (7) if the statute created only a permissive presumption, there is no rational connection between the fact proved and the conclusion; (8) the conviction was not supported by proof beyond a reasonable doubt of every element of the crime; (9) the jury did not find the facts that caused his sentence to be so lengthy; (10) the jury was not instructed on every element of the offense of which he was convicted; (11) the jury

instructions omitted or misstated an essential element; (12) his sentence was cruel and unusual; (13) his due process rights were violated by the trial court's failure to require findings on all elements; (14) his conviction was not supported by the evidence; (15) the law was discriminatorily enforced against him; (16) the prosecution committed misconduct; (17) his *Miranda* rights were violated; (18) an identification was the product of an unnecessarily suggestive identification procedure; (19) the judge was biased; (20) his right to testify was violated; (21) his trial counsel was ineffective in specified ways; (22) his appellate counsel was ineffective; and (23) the instruction defining "beyond a reasonable doubt," by twice referring to "innocence" deprived petitioner of the benefit of the distinction between "not guilty" and "innocent."

Issues five and fifteen are incomprehensible. They will be dismissed. Many of the others are not much better, but it seems unlikely that petitioner can present them any more clearly, having been given two chances to do so already. It does appear that he is attempting to argue a cognizable contention that the felony-murder rule instructions given here violate due process, along with some other issues that are less convoluted, such as his *Miranda* claim. An order to show cause will issue on the remaining claims.

## CONCLUSION

1. Issues five and fifteen are **DISMISSED**.

2. The clerk shall serve by regular mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within sixty days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with

the court and serving it on respondent within thirty days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within thirty days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fifteen days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: April 13, 2012.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.09\SIFUENTES2902.OSC.wpd

4