UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MIGUEL GALINDO SIFUENTES,

    Petitioner,

vs.

P. BRAZELTON, Warden,

    Respondent.
_____/

No. C 09-2902 PJH

**ORDER RE FOURTH AMENDED PETITION**

This is a habeas corpus case originally filed pro se by a state prisoner pursuant to 28 U.S.C. § 2254. On August 10, 2012, two days after the court denied petitioner's request to file a fourth amended petition, petitioner retained counsel. Subsequently, on August 21, 2012, the court granted petitioner's stipulated request for leave to file a fourth amended petition and set related deadlines. On October 28, 2012, petitioner filed a request for a three-month extension to file the fourth amended petition. Petitioner subsequently filed his proposed order in support of the request on November 1, 2012, the day the fourth amended petition was due. That same day, November 1, 2012, petitioner filed the fourth amended petition.

    Given the age of the case, the fact that petitioner has already had nearly two and one-half months to prepare the fourth amended petition (and has in fact filed one), and the absence of sufficient reasons for the additional time, the court finds that good cause does not exist for an extension of time and DENIES the request for an extension of time. The

court will treat the fourth amended petition filed November 1, 2012 as the operative petition. That petition contains five claims for relief:

    (1) that his Fifth, Sixth, and Fourteenth Amendment due process, equal protection, and fair trial rights were violated when the prosecution peremptorily challenged nine potential jurors on the basis of their race;

    (2) that his Fifth, Sixth, and Fourteenth Amendment due process, equal protection, and fair trial rights were violated when the prosecution challenged for cause two potential jurors on the basis of their race;

    (3) application of California's felony murder rule to petitioner violated the Eighth Amendment's Cruel and Unusual Punishment Clause;

    (4) application of California's felony murder rule violated petitioner's right to a jury trial because it enabled the judge, rather than the jury, to determine malice aforethought, an element of the charge; and

    (5) petitioner's due process and fair trial rights were violated when several jurors regularly slept through key portions of his trial.

Liberally construed, the claims appear colorable under 28 U.S.C. § 2254 and merit an answer from respondent. The deadlines set forth in the court's August 21, 2012 order remain in effect. Respondent's answer is due is due no later than **December 3, 2012,** and petitioner's traverse is due no later than **January 2, 2013.**

**IT IS SO ORDERED.**

Dated: November 2, 2012

                                              PHYLLIS J. HAMILTON
                                              United States District Judge