UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIGUEL GALINDO SIFUENTES,

    Petitioner,

  vs.

P. BRAZELTON, Warden,

    Respondent.

_____/

No. C 09-2902 PJH

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS FOURTH AMENDED PETITION**

This is a habeas corpus petition by a state prisoner pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition on the grounds that claims three and five have not been exhausted in the state courts, and to dismiss claims three and four as procedurally defaulted. Petitioner has filed an opposition and respondent has replied. The court determines that the matter is suitable for decision without oral argument. Having considered the relevant legal authority and the parties' papers, the court DENIES the motion to dismiss the mixed petition and GRANTS the motion to dismiss the procedurally defaulted claims.

**BACKGROUND**

A jury convicted petitioner of first degree murder. He was sentenced to twenty-six years to life in prison. He unsuccessfully appealed his conviction to the California Court of Appeal, and the Supreme Court of California denied review. Petitioner also filed several state motions and habeas petitions; all were unsuccessful.

Petitioner, originally appearing pro se, filed a federal habeas corpus petition on June 29, 2009. The court dismissed an amended petition and second amended petition with leave to amend. Petitioner filed a third amended petition on October 25, 2010. By order entered April 13, 2012, the court dismissed two of the claims from the third amended petition and issued an order to show cause on the remaining 21 claims. Petitioner then filed a motion for leave to file a fourth amended petition, which the court denied by order entered August 8, 2012.

Counsel for petitioner filed a notice of appearance on August 10, 2012. Subsequently, on August 21, 2012, the court granted petitioner's stipulated request for leave to file a fourth amended petition and set related deadlines. On October 28, 2012, petitioner filed a request for a three-month extension to file the fourth amended petition, and then filed a fourth amended petition on November 1, 2012. By order dated November 2, 2012, the court denied petitioner's request for an extension of time, and deemed the fourth amended petition, filed on November 1, 2012, to be the operative petition.

Petitioner asserts the following five claims for relief:

    (1)    that his rights to due process, equal protection, and fair trial under the Fifth, Sixth, and Fourteenth Amendments were violated when the prosecution peremptorily challenged nine potential jurors on the basis of their race;

    (2)    that his rights to due process, equal protection, and fair trial under the Fifth, Sixth, and Fourteenth Amendments were violated when the prosecution challenged for cause two potential jurors on the basis of their race;

    (3)    application of California's felony murder rule to petitioner violated the Eighth Amendment's Cruel and Unusual Punishment Clause;

    (4)    application of California's felony murder rule violated petitioner's right to a jury trial because it enabled the judge, rather than the jury, to determine malice aforethought, an element of the charge; and

    (5)    petitioner's due process and fair trial rights were violated when several jurors regularly slept through key portions of his trial.

Respondent filed the instant motion to dismiss on November 29, 2012. Petitioner timely filed an opposition on December 10, 2012, and respondent filed a reply.

## ANALYSIS

### I. Procedural Default

#### A. Legal Standard

Under the doctrine of procedural default, federal habeas review is barred for any claims dismissed by a state court pursuant to a state procedural rule. *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011) (citing *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)), *cert. denied*, 133 S. Ct. 424 (2012). "A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed." *Martinez v. Ryan*, 132 S. Ct. 1309, 1316 (2012). "The state-law ground may be a substantive rule dispositive of the case, or a procedural barrier to adjudication of the claim on the merits." *Walker v. Martin*, 131 S. Ct. 1120, 1127 (2011).

"Ordinarily, a state prisoner seeking federal habeas relief must first exhaust the remedies available in the courts of the State, 28 U.S.C. § 2254(b)(1)(A), thereby affording those courts the first opportunity to address and correct alleged violations of the prisoner's federal rights." *Martin*, 131 S. Ct. at 1127 (citing *Coleman*, 501 U.S. at 731) (internal quotation marks omitted). "The adequate and independent state ground doctrine furthers that objective, for without it, habeas petitioners would be able to avoid the exhaustion requirement by defaulting their federal claims in state court." *Id.* (citation and internal quotation marks omitted). Even if the state rule is adequate and independent, the claims may be reviewed by the federal court if the petitioner can either show cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000); *Coleman*, 501 U.S. at 749–50.

3

**B. Adequacy of State Procedural Rule**

Respondent contends that claims three and four were presented to the state supreme court for the first time in the state habeas corpus petition, and that the state supreme court denied those claims as untimely. The state supreme court summarily denied the petition for state habeas corpus with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998), which establishes that a state habeas petition is untimely if the petitioner fails to demonstrate either the absence of substantial delay, good cause for the delay, or that the claim falls within an exception to the bar of untimeliness. Respondent seeks dismissal of those claims as procedurally defaulted.

Claim three alleges the following:

> The felony-murder rule violated the Cruel and Unusual Punishments clause as applied to the facts of Petitioner's case. His age, his lack of any criminal record, and in particular his minimal involvement in the underlying robbery make a life sentence grossly disproportionate to the lesser punishments generally given to others for much more culpable conduct.

4th Am. Pet. at 2.

Claim four alleges as follows:

> The felony-murder rule violated Petitioner's right to a jury trial because it permitted the judge to find a fact, malice aforethought, that the jury was required to find in order to support a sentence of life imprisonment. The jury found only that Petitioner had the intent to rob. It did not find that he had the intent to kill, or that he was extremely reckless within the meaning of California Penal Code Sections 187 and 189.

*Id*.

Petitioner concedes that claims three and four are procedurally defaulted. Opp. at 10. He further concedes that California's procedural rule requiring state habeas petitions to be filed without substantial delay is consistently applied. *Id.* at 3. Petitioner does not dispute that the rule is an independent state ground, but contends that respondent has

4

failed to show that the procedural default was adequate to preclude federal review by establishing that "the practice gives to the litigant a reasonable opportunity to have the issue as to the claimed right heard and determined by that court." *Id.* (citing *Parker v. Illinois*, 333 U.S. 571, 574 (1948) and *Central Union Tel. Co. v. Edwardsville*, 269 U.S. 190, 194-95 (1925)). Because procedural default is an affirmative defense, petitioner contends that respondent bears the burden to show that the default was adequate to preclude federal review. *Id.* (citing *Bennett v. Mueller*, 322 F.3d 523, 585-86 (9th Cir. 2003)).

Petitioner does not accurately acknowledge the burden of persuasion on the issue of a rule's adequacy to bar federal habeas review. Under Ninth Circuit authority, the adequacy of a state procedural rule is subject to a burden-shifting scheme. As the court noted in *Dennis v. Brown*, 361 F. Supp. 2d 1124, 1129 (N.D. Cal. 2005), once the state pleads the existence of an independent and adequate state procedural ground to bar a habeas claim, the burden shifts to the petitioner to establish the inadequacy of that procedure. If the petitioner places the adequacy of the procedural rule at issue, then the burden shifts back to the respondent to demonstrate that the procedural rule is adequate:

> In *Bennett*, the Ninth Circuit adopted a new burden-shifting test for determining whether a state procedural bar is adequate. The Ninth Circuit held that
>
> the ultimate burden of proving the adequacy of the California state bar is upon the State of California. . . . Once the state has adequately pled the existence of an independent and adequate state procedural ground as an affirmative defense, the burden to place that defense in issue shifts to the petitioner. The petitioner may satisfy this burden by asserting specific factual allegations that demonstrate the inadequacy of the state procedure, including citation to authority demonstrating inconsistent application of the rule. Once having done so, however, the ultimate burden is the state's. [¶] Accordingly, because it is the State who seeks dismissal based on the procedural bar, it is the State who must bear the burden of demonstrating that the bar is applicable. . . .

*Id.* (quoting *Bennett*, 322 F.3d at 585-86).

### 1. Respondent's Initial Burden

Under the *Bennett* burden-shifting test, respondent has adequately asserted the existence of an independent and adequate state procedural ground as an affirmative

defense. In *Martin*, the Supreme Court held that California's timeliness rule for habeas petitions, which is at issue here, meets the "firmly established" and "regularly followed" criteria to qualify as an adequate procedural ground under the procedural default doctrine. 131 S. Ct. at 1127-29.

### 2. Petitioner's Burden

Under *Bennett*, petitioner bears the interim burden to place the affirmative defense of procedural default at issue by alleging inadequacy with particularity. *Dennis*, 361 F. Supp. 2d at 1130. Petitioner contends that the manner in which the timeliness rule was applied to his case deprived him of any reasonable opportunity to have the constitutionality of the felony murder rule, either on its face or as applied, heard by the state supreme court. Opp. at 3.

To show that he was denied any reasonable opportunity to present his constitutional challenges to the felony murder rule, petitioner contends that he made repeated efforts to have his claims heard by the state courts. His appellate counsel declined to assert any such challenge on direct appeal, and when he was informed that he could not make any pro se filings when he was represented by a lawyer, he moved to discharge his appellate counsel. Opp. at 5 (citing Mot., Ex. 4 at 42). Petitioner contends that the court of appeal denied the motion to discharge counsel without advising petitioner that he could file a pro se petition for state habeas during the pendency of his direct appeal. Opp. at 5 and Ex. A. After the court of appeal affirmed his conviction, but before his lawyer filed a petition for review, petitioner filed his own petition for review in the state supreme court, appending a letter from his lawyer referring to his constitutional challenge to the felony murder rule as frivolous. *Id.* at 5-6 (citing Mot., Ex. 4 at 70). The state supreme court declined to take action on the pro se petition for review, and denied the petition for review that was filed by his lawyer. *Id.* at 6. Petitioner contends that by independently seeking review of the appellate court's decision on his direct appeal, he tried to challenge the constitutionality of the felony murder rule, but was told he could not. *Id.* However, petitioner fails to cite any

argument or statement in his pro se petition for review that states any challenge to the felony murder rule.

Petitioner also contends that he was not informed that the state supreme court had denied review, and was only alerted to the denial when he was notified by his lawyer that his trial records were about to be destroyed, and he requested a docket listing from the state supreme court. Opp. at 6. He contends that his ignorance of the state supreme court's denial of review explains his delay in seeking post-conviction review, and that the application of the timeliness rule to his state habeas petition, in combination with the other state court rulings, deprived him of a reasonable opportunity to raise his constitutional claims. Opp. at 8-9. Petitioner's allegations are sufficient under *Bennett* to shift the burden to respondent to demonstrate the adequacy of the timeliness procedural rule which is challenged here.

### 3. Respondent's Ultimate Burden

Once petitioner has placed the procedural default defense at issue, the ultimate burden shifts back to respondent: "because it is the State who seeks dismissal based on the procedural bar, it is the State who must bear the burden of demonstrating that the bar is applicable." *Bennett*, 322 F.3d at 586.

Respondent contends that petitioner was allowed full access to the state appellate courts to challenge his conviction, and was not denied a reasonable opportunity to present his constitutional challenges to the state supreme court. Respondent points out that petitioner was represented by counsel throughout the state appellate process, and his attorney presented multiple issues for review in the court of appeal and the supreme court. Reply at 5. Addressing petitioner's contention that the court of appeal did not advise him of his right to file a pro se habeas petition while his direct appeal was pending, respondent counters that the state courts owe no duty to tutor a criminal defendant on the procedures for habeas review, particularly when the defendant is represented by appellate counsel. Reply at 5. Indeed, petitioner cites no authority to support his contention that the state appellate court should have advised him of the opportunity to seek state habeas review,

and there is no clearly established federal law requiring courts to advise criminal defendants of their right to represent themselves on collateral review. *See Pliler v. Ford*, 542 U.S. 225 (2004) (holding that a district court is not required to give a pro se litigant warnings about stay-and-abeyance procedure); *Martinez v. Court of Appeal of California, Fourth Appellate Dist.*, 528 U.S. 152, 162 (2000) ("the trial judge is under no duty to provide personal instruction on courtroom procedure or to perform any legal chores for the defendant that counsel would normally carry out") (citation and internal quotation marks omitted).

As authority for the adequacy of California's timeliness requirement, respondent cites *Martin,* where the Supreme Court found no inadequacy in California's timeliness rule for habeas petitions generally or as applied in that particular case. As respondent points out in his reply brief, petitioner's opposition brief fails to address or distinguish the holding of *Martin*. Reply at 2. In a subsequent letter to the court, petitioner reiterates his argument that the timeliness rule was invoked in a manner that denied him any reasonable opportunity to be heard on his underlying claims, and suggests that *Martin* is inapposite. Doc. no. 48.

*Martin* determined that the timeliness rule is adequate on the ground that it is "firmly established and regularly followed," and did not address the "reasonable opportunity" challenge presented by petitioner here. The reasoning of *Martin*, however, forecloses petitioner's challenge to the adequacy of the timeliness rule, which is based on his contention that the rule was inadequate as applied to him, under the circumstances of his case. The Supreme Court held that the fact that outcomes under the timeliness rule may vary from case to case does not render the procedural bar inadequate. *Martin*, 131 S. Ct. at 1130 ("A discretionary rule ought not to be disregarded automatically upon a showing of seeming inconsistencies."). The Supreme Court expressly rejected the Ninth Circuit's holding that California's time bar is not consistently applied because outcomes under the rule vary from case to case. *Martin*, 131 S. Ct. at 1129-30. The Supreme Court commended the flexibility enabled by the discretionary timeliness rule, over a more

draconian, unyielding rule that would generate more consistency but would yield "harsh results." *Id.* at 1130. This reasoning in *Martin* undermines petitioner's argument that even though the timeliness rule might be generally valid, it was inadequate under the unique circumstances of his case. Opp. at 10. *See Martin*, 131 S. Ct. at 1128 ("A rule can be firmly established and regularly followed [ ] even if the appropriate exercise of discretion may permit consideration of a federal claim in some cases but not others.") (citation and internal quotation marks omitted).

With respect to an as-applied challenge to a state procedural rule, *Martin* recognizes that a state ground "may be found inadequate when 'discretion has been exercised to impose novel and unforeseeable requirements without fair or substantial support in prior state law.'" 131 S. Ct. at 1130 (citing 16B Wright, Miller et al., *Federal Practice and Procedure* § 4026 at 386 (2d ed. 1996)). Here, in his as-applied challenge to the timeliness rule, petitioner does not contend that the state supreme court exercised its discretion under the timeliness rule in a "surprising or unfair manner" so as to demonstrate inadequacy on the ground that "discretion has been exercised to impose novel and unforeseeable requirements." *Martin*, 131 S. Ct. at 1130. Rather, he contends that the procedural rule was inadequate as applied to him because it denied him any reasonable opportunity to present his constitutional challenges to the felony murder rule. Petitioner cites *Collier v. Bayer*, 408 F.3d 1279 (9th Cir. 2005), where the Ninth Circuit held that Nevada's procedural rules, as applied to that petitioner's case, were not adequately established and could not bar federal habeas review. In particular, the court of appeals found that the Nevada procedural rule establishing when an amended judgment may restart the time to file habeas petitions was not clear and well-established under state law until a ruling by the state supreme court was issued five years after the petitioner filed his state habeas petition. *Collier*, 408 F.3d at 1286. *Collier* did not address the adequacy of California's procedural rules and was decided before *Martin*, where the Supreme Court reviewed the timeliness rule directly at issue here. *Martin* held that California's timeliness requirement for habeas petitions was firmly established and regularly followed under a trilogy of controlling

9

1  California Supreme Court decisions, and therefore adequate as a procedural bar to federal
2  habeas review. 131 S. Ct. at 1128-29 (citing *In re Gallego*, 18 Cal. 4th 825 (1998); *In re*
3  *Robbins*, 18 Cal. 4th 770 (1998); *In re Clark*, 5 Cal. 4th 750 (1993)).

4  Even assuming that his "reasonable opportunity" challenge is not foreclosed by the
5  holding of *Martin*, petitioner has not demonstrated that the procedural rule denied him a
6  reasonable opportunity to have his constitutional challenges to the felony murder rule heard
7  by the state appellate courts. In his state habeas petition, petitioner cited ineffective
8  assistance of counsel and other factors as the cause of the delay in discovering and raising
9  his habeas claims. Mot., Ex. 4 at 9, 12. Petitioner argued in his state habeas petition that
10 there was an absence of substantial delay based on his "efforts to be diligent in preparing
11 and in filing his claims," despite ineffective counsel, the need to review voluminous
12 documents in the record, inadequate law library access, and his lack of legal training. *Id.*
13 These arguments addressing delay were presented to the state supreme court, which
14 summarily denied the habeas petition for untimeliness, a procedure which *Martin* found to
15 be adequate. *Martin*, 131 S. Ct. at 1129 ("We see no reason to reject California's time bar
16 simply because a court may opt to bypass the *Clark/Robbins* assessment and summarily
17 dismiss a petition on the merits, if that is the easier path."). In light of the totality of
18 circumstances, petitioner was represented by counsel throughout his direct appeal from the
19 judgment and was afforded a reasonable opportunity to present his claims to the state
20 courts. To the extent that petitioner blames his attorney for failing to raise claims three and
21 four during the direct appeal, that argument might have some bearing on whether there
22 was cause for his untimeliness, but does not call into question the adequacy of the
23 procedural rule itself.

24 **C.  Cause and Prejudice**

25 Petitioner challenges only the adequacy of the timeliness rule and does not address
26 the cause and prejudice standard in his opposition to dismiss, even though he was put on
27 notice of the need to show cause and prejudice by respondent's opening brief. Mot. at 7
28 n. 4. Petitioner's failure even to attempt to show cause for the default and actual prejudice,

or a fundamental miscarriage of justice to excuse the default, is a serious oversight where respondent seeks dismissal of those claims as procedurally defaulted.  Even if petitioner's arguments challenging the adequacy of the procedural rule are favorably construed to show that ineffective assistance of counsel on direct appeal of his conviction established cause for the untimely habeas claims, petitioner fails to address, much less demonstrate, actual prejudice resulting from his lawyer's failure to raise his challenges to the felony murder rule on direct review.  Even after respondent filed a reply brief addressing the legal insufficiency of claims three and four, thereby showing lack of prejudice from the failure to raise those claims during the appellate proceedings, Reply at 5 n.1, petitioner did not seek leave to address respondent's argument that those claims lacked merit or seek leave to cure his omission of any discussion of cause and prejudice from his opposition brief.  Yet, in a subsequent letter to the court, petitioner briefly responded to another argument made by respondent in his reply brief, concerning petitioner's failure to cite or discuss *Martin.*  Petitioner has failed to show any basis to excuse the procedural default of claims three and four.

On the issue of adequacy, *Martin* governs the determination that California's timeliness rule is adequate to bar federal habeas review.  Claims three and four, having been denied as untimely by the state supreme court, are therefore dismissed as procedurally defaulted.

**II.    Mixed Petition**

In addition to seeking dismissal of claims three and four as procedurally defaulted, respondent contends that claims three and five were not exhausted, and that the mixed federal habeas petition must be dismissed.  Respondent does not challenge claims one and two on either exhaustion or procedural default grounds.

**A.    Legal Standard**

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v.*

11

*Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (per curiam)) (internal citation and quotation marks omitted). "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Id.*

District courts have the authority to stay mixed petitions to allow for exhaustion. *See Rhines v. Webber*, 544 U.S. 269, 274-75 (2005). However, such stays can only be granted upon a showing of good cause for petitioner's failure to exhaust the issues before filing the federal petition, and a showing that the issues which the petitioner proposes to exhaust are "potentially meritorious." *Id.*

### B.  Claim Three

Respondent contends that petitioner failed to exhaust claim three on the ground that his state habeas petition claimed that his sentence was disproportionate to other sentences for the same conduct, but did not argue in state court that other factors such as his age or lack of a prior criminal record made a life sentence grossly disproportionate to the punishment given to others, as he now argues in his federal habeas petition. Liberally construed, petitioner's claim for "Disproportionate Sentence" in his state habeas petition fairly presented these grounds for challenging his sentence. As respondent agrees that this claim was procedurally defaulted, claim three satisfies the exhaustion requirement for purposes of habeas review. *See Woodford v. Ngo*, 548 U.S. 81, 92-93 (2006) (explaining that for purposes of habeas review, procedurally defaulted claims are exhausted but are otherwise barred under the procedural default doctrine). The motion to dismiss claim three on the ground of failure to exhaust is therefore denied.

### C.  Claim Five

Respondent also contends that claim five, which alleges that some jurors slept through the trial in violation of his rights to due process and fair trial, was not exhausted. Petitioner does not dispute that his state habeas petition fails to state the due process challenge asserted in claim five. *See* Mot., Ex. 4 at 13-24 (listing grounds for relief).

12

Rather, petitioner argues that the petition incorporated excerpts from the trial transcript and affidavits that referred to the issue of sleeping jurors, and therefore fairly presented his due process and fair trial challenges. Opp. at 11-12 (citing Mot., Ex. 4 at 88-102). Under clearly established federal law, however, a state prisoner ordinarily "does not 'fairly present' a claim to a state court if that court must read beyond a petition or a brief (or a similar document) that does not alert it to the presence of a federal claim in order to find material [ ] that does so." *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). The Ninth Circuit has held in particular that a federal claim is not fairly presented to state courts simply because it is mentioned in the trial transcript. *Robinson v. Kramer*, 588 F.3d 1212, 1216-17 (9th Cir. 2009). Under this controlling authority, petitioner has failed to exhaust claim five.

Petitioner has not requested a stay of these proceedings to allow him to exhaust any unexhausted claims in the mixed petition. The court notes that petitioner previously filed a pro se federal habeas petition and requested a stay to allow exhaustion, which was granted by the court. *See Sifuentes v. Hedgpeth*, C07-4465 PJH (PR) (order filed Sept. 17, 2007). After the state supreme court denied his state habeas petition on May 20, 2009, petitioner filed a federal habeas petition in this action, rather than reopening the earlier case.

As a discretionary matter, and in view of petitioner's retention of habeas counsel, the court will permit petitioner again to request a stay to exhaust his unexhausted claim, upon a showing of good cause and potential merit. Petitioner must notify the court whether he will seek a stay and abeyance of the federal habeas petition to allow him to present claim five in state court. Any request for a stay must establish good cause for petitioner's failure to exhaust the issues before filing the federal petition, and must show that the issues which the petitioner proposes to exhaust are "potentially meritorious." *Rhines*, 544 U.S. at 277. If the court issues a stay and abeyance, and petitioner is not granted relief in state court, he may return to this court and ask that the stay be lifted.

Alternatively, petitioner may elect to dismiss claim five from the petition and proceed with claims one and two. Petitioner must notify the court of his election within 21 days of the date of this order.

13

**CONCLUSION**

For the reasons set forth above, respondent's motion to dismiss claims three and four as procedurally defaulted is **GRANTED**, and the motion to dismiss the mixed petition is **DENIED**.  Doc. no. 45.  Within 21 days of the date of this order, petitioner, through his habeas counsel, must file notice of his election either (1) to seek a stay and abeyance to exhaust claim five, or (2) to dismiss claim five.

**IT IS SO ORDERED.**

Dated: February 12, 2013

PHYLLIS J. HAMILTON
United States District Judge