UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MIGUEL GALINDO SIFUENTES,

    Petitioner,

v.

P. BRAZELTON, Warden,

    Respondent.
_____/

No. C 09-2902 PJH

**ORDER GRANTING MOTION TO STAY AND DENYING MOTION FOR IMMEDIATE RELEASE**

Before the court are the motion of respondent P. Brazelton to stay the order conditionally granting the petition for writ of habeas corpus, pending appeal before the Ninth Circuit, and the motion of petitioner Miguel Galindo Sifuentes for immediate release. The court determines that the motions can be determined without oral argument and are submitted on the briefs. Having carefully considered the papers and the relevant authority, the court GRANTS respondent's motion to stay pending appeal and DENIES petitioner's motion for immediate release.

**LEGAL STANDARD**

Rule 23 of the Federal Rules of Appellate Procedure governs "release on bail of state prisoners seeking habeas corpus relief in federal court." *Marino v. Vasquez*, 812 F.2d 499, 507 (9th Cir. 1987). Where "a decision ordering the release of a prisoner is under review, the prisoner must—unless the court or judge rendering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise—be released on personal recognizance, with or without surety." Fed. R. App. P. 23(c). The presumption of release pending appeal "can be overcome if the traditional factors

regulating the issuance of a stay weigh in favor of granting a stay." *O'Brien v. O'Laughlin*, 557 U.S. 1301, 130 S. Ct. 5, 6 (2009) (Breyer, J., in chambers) (citations omitted). These factors are: (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies. *Id.* (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

The first factor is the most important. *Haggard v. Curry*, 631 F.3d 931, 934–35 (9th Cir. 2010). However, "[w]here the State establishes that it has a strong likelihood of success on appeal, or where, failing that, it can nonetheless demonstrate a substantial case on the merits, continued custody is permissible if the second and fourth factors in the traditional stay analysis militate against release." *Hilton*, 481 U.S. at 778. "Where the State's showing on the merits falls below this level, the preference for release should control." *Id.*

## DISCUSSION

Applying the *Hilton* factors here, the court determines that a stay is warranted.

First, respondent contends that there is a strong likelihood of success on appeal because respondent intends to demonstrate on appeal that the court failed to give sufficient deference under AEDPA to the state court's determination of petitioner's *Batson* challenges, as shown from the fact that another district judge denied a similar *Batson* claim asserted by petitioner's co-defendant in his habeas proceedings, *Vasquez v. Felker*, No. C07-4250 WHA. In opposition, petitioner points out that Vasquez was unrepresented in his habeas proceedings before Judge Alsup and suggests that Judge Alsup declined to relate petitioner's case to the Vasquez matter because petitioner made a stronger showing in his comparative juror analysis than Vasquez did. The record shows, however, that Judge Alsup denied Vasquez's habeas petition on the merits and denied the motion to relate the cases because petitioner brought claims, in addition to the *Batson* claim, that were not raised in Vasquez's habeas petition, i.e., challenges to the prosecutor's removal for cause

2

of jurors on the basis of their race, the application of California's felony murder rule in violation of the eighth amendment and right to jury trial, and violation of due process when several jurors slept through key portions of the trial. *Vasquez*, Nov. 21, 2012 order denying administrative motion to relate cases. Respondent has demonstrated that reasonable jurists may differ with the court's assessment of petitioner's *Batson* claim, to support a substantial probability that respondent may succeed on appeal, though not a strong likelihood. This factor weighs in favor of a stay.

Proceeding to the second *Hilton* factor, respondent has demonstrated irreparable injury absent a stay. Respondent points out that petitioner was charged with a serious crime: first degree murder of a police officer during an armed robbery, and indicates that the prosecution would pursue retrial, noting the weight of the evidence to support reconviction. Respondent has established that if a stay is denied, petitioner must be retried during the pendency of the appeal, requiring substantial effort and use of public resources to locate witnesses and exhibits even before a final decision is issued by the court of appeals. This factor weighs in favor of a stay.

Under the third *Hilton* factor, a successful habeas petitioner's interest in release pending appeal, and the substantial harm from remaining in custody, weighs against granting a stay, but not heavily so. As the court reasoned in *Hilton* in allowing consideration of dangerousness to decide whether to release a habeas petitioner pending appeal, "a successful habeas petitioner is in a considerably less favorable position than a pretrial arrestee, such as the respondent in [*United States v. Salerno*, 481 U.S. 739 (1987)], to challenge his continued detention pending appeal. Unlike a pretrial arrestee, a state habeas petitioner has been adjudged guilty beyond a reasonable doubt by a judge or jury, and this adjudication of guilt has been upheld by the appellate courts of the State. Although the decision of a district court granting habeas relief will have held that the judgment of conviction is constitutionally infirm, that determination itself may be overturned on appeal before the State must retry the petitioner." 481 U.S. at 779.

Respondent has demonstrated that the fourth *Hilton* factor, the public's interest in resolving the appeal before commencing retrial for first degree murder, weighs in favor of appeal. Respondent emphasizes that petitioner was convicted of first degree murder with use of a firearm, and is currently serving a term of 26 years to life in prison. Petitioner concedes that he is serving a life sentence, but argues that he does not pose a danger to the public or risk of flight, having had no criminal record prior to the conviction at issue and having family support and deep ties in his community. Considering that at least 10 years remain to be served on petitioner's sentence, the state has a strong interest in continuing custody pending a final determination of the case on appeal and protecting against the possibility of flight. *Hilton*, 481 U.S. at 777 (the state's interest "will be strongest where the remaining portion of the sentence to be served is long, and weakest where there is little of the sentence remaining to be served"). While the public certainly has an interest in maintaining the integrity of the criminal justice system, respondent has shown that a stay would promote the public interest in reserving public resources and avoiding a potentially unnecessary retrial until the court of appeals issues a ruling on the habeas claim.

Having considered the relevant factors, the court determines that a stay of petitioner's release or retrial, pending appeal, is warranted.

## CONCLUSION

For the reasons set forth above, respondent's motion for stay pending appeal is GRANTED (doc. no. 61). The order conditionally granting the petition for a writ of habeas corpus, and requiring petitioner to be released unless criminal proceedings were reinstituted, is hereby STAYED. Petitioner's motion for immediate release is DENIED (doc. no. 63).

**IT IS SO ORDERED.**

Dated: January 16, 2014

PHYLLIS J. HAMILTON
United States District Judge